IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01937-LTB

MICHAEL ANDERSON,

    Plaintiff,

v.

COLORADO COURTS, and
LA PLATA COUNTY DISTRICT COURT,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 11 2011

GREGORY C. LANGHAM
                      CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Michael Anderson, filed *pro se* on September 29, 2011, a partially intelligible letter (ECF No. 7) asking the Court to reconsider the September 13, 2011, dismissal of his complaint and this action.

The Court must construe liberally Mr. Anderson's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the letter will be construed liberally as a motion to reconsider, and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Anderson filed the motion to reconsider within twenty-eight days after the order dismissing his complaint and this action. Therefore, the Court finds that

the motion to reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion and the entire file, the Court concludes that the motion to reconsider should be denied.

Mr. Anderson attempted to initiate this action by submitting a document titled "Summons." On August 2, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Anderson to cure certain deficiencies in the action. Specifically, Magistrate Judge Boland ordered Mr. Anderson, within thirty days, either to pay the $350.00 filing fee or to submit on the proper, Court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his trust fund account statement. The August 2 order also directed Mr. Anderson to submit within the time allowed a Prisoner Complaint on the proper, Court-approved form. The August 2 order warned Mr. Anderson that if he failed to cure the designated deficiencies within the time allowed, the action would be dismissed without further notice.

In his motion to reconsider, Plaintiff appears to complain that he failed to receive the proper forms to cure the deficiencies designated in the August 2 order to cure. However, the August 2 cure order directed Mr. Anderson to obtain the proper Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint, with the assistance of his case manager or the facility's legal assistant, along with the applicable instructions, at www.cod.uscourts.gov. *See* ECF No. 2 at 2. Apparently, he was unable to do so, and

alleges he requested and received from the Court a § 1915 motion and affidavit form but not a complaint form. Mr. Anderson completed and returned the § 1915 motion and affidavit to the Court on August 25, 2011 (ECF No. 3) with various attachments, none of which constituted the Prisoner Complaint he was directed to file. The Court's docketing records do not indicate that Mr. Anderson filed a motion explaining any difficulty he had in obtaining the correct forms, asking that a Prisoner Complaint form be mailed to him, and requesting an extension of time in which to cure all the designated deficiencies.

Therefore, the Court dismissed the action without prejudice on September 13 pursuant to Fed. R. Civ. P. 41(b) for Mr. Anderson's failure to cure the deficiencies designated in this action within the time allowed. Although the September 13 dismissal order incorrectly stated that the clerk of the Court was directed in the August 2 order to mail to Mr. Anderson the proper forms to cure the designated deficiencies, the fact remains that Mr. Anderson failed to cure the designated deficiencies within the time allowed.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Anderson fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Therefore, the motion to reconsider will be denied. Mr. Anderson is reminded that the dismissal was without prejudice, and he is free to initiate a new civil action by using the proper, Court-approved forms.

Accordingly, it is

ORDERED that the letter that Plaintiff, Michael Anderson, filed *pro se* on September 29, 2011, and which the Court construed liberally as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this __7th__ day of __October__, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK
Senior Judge, United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01937-BNB

Michael Anderson
Prisoner No. 136336
Bent County Correctional Facility
11560 Road FF75
Las Animas, CO 81054

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 11, 2011.

                          GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk